DAWN R. SANFILIPPO, ESQ., P.C.
411 Pompton Avenue
Cedar Grove, New Jersey 07009-1800
Tel.: 973-239-3100
*Attorney for Adv. Proc. Plaintiff John B. Esposito*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE JOHN B. ESPOSITO,<br><br>    *Debtor.* | **Chapter 13**<br><br>Bankr. Case No.:   **12-21523-RG** |
| JOHN B. ESPOSITO,<br><br>    *Plaintiff,*<br><br>    *v.*<br><br>SLM CORPORATION; (a/ka SALLIE MAE); XYZ CORPS. 1 through 10, fictitious; and JOHN DOES 1 through 10, fictitious;<br><br>    *Defendants,*<br><br>MARIE-ANN GREENBERG<br>*(Nominal Defendant)*<br><br>    *Chapter 13 Trustee.* | Adv. Proceeding No.: **12-_____**<br><br>**ADVERSARY PROCEEDING COMPLAINT PURSUANT TO 11 U.S.C. §523(a)(8)(B) SEEKING DETERMINATION OF <u>DISCHARGEABILITY AND OTHER RELIEF</u>** |

    THE PLAINTIFF John B. Esposito *(hereinafter, "Plaintiff" or "Mr. Esposito")*, the debtor in the above-referenced proceeding in bankruptcy, by and through his attorneys Dawn R. SanFilippo, Esq., P.C., way of complaint against the creditor and party-in-interest SLM Corporation, *(commonly known or also known as Sallie Mae, and originally the Student Loan Marking Company)* (*hereinafter "SLM"*), hereby files this *Adversary Proceeding Complaint Pursuant 11 U.S.C. § 523(a)(8)(B) Seeking Determination of Dischargeability and Other Relief ("Adversary Proceeding Complaint");* and in support whereof, hereby alleges and SAYS:

## PARTIES AND JURISDICTION

1. Plaintiff John B. Esposito, the debtor in the above-referenced Chapter 13 proceeding, is a natural person and resident of the State of New Jersey, with a usual place of abode located at 26 Troy Drive, Apt. D., in the township of Springfield, within this District.

2. Upon information and belief, Defendant SLM Corporation *("SLM")* is a corporation, whose operations are soliciting, originating, servicing, and collecting on student loans.

3. SLM is a domestic publicly traded corporation existing under the laws of the State of Delaware, with a mailing address of P.O. Box 9500, Wilkes-Barre, PA 18773.

4. SLM, organized and existing under the laws of the United States, strong internet presence which reaches into this District, further SLM solicited the Plaintiff in New Jersey, and executed a certain agreement with the Plaintiff in this District.

5. Defendants XYZ Corporations 1 through 10 *(collectively, "XYZ Corps.")* are fictitious names for currently unknown corporations or other juridical entities that may have loaned the Debtor funds and/or purchased the loan from SLM.

6. Defendants John Does 1 through 10 *(collectively, "John Does")* are fictitious names for currently unknown persons, agents, employees, agents or affiliates of the SML who may have acted on behalf of SLM or who may have loaned the Debtor funds and/or purchased the loan from SLM.

7. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(b)(1) and 1334.

8. Venue is properly situate in this District pursuant to 28 U.S.C. § 1408.

9. The First and Second Counts in this action are core proceedings as defined by 28 U.S.C. § 157(b)(2), as they relate directly to the Matter of Esposito, an individual Chapter 13

case in this District; the Third and Fourth Counts are non-core proceedings related directly to this Bankruptcy matter.

10. The *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (Official Form 9E ALT), filed May 02, 2012 by James J. Waldron, Clerk of the Bankruptcy Court, appointed Marie-Ann Greenberg, Esq. as Chapter 13 Trustee *(the "Trustee")*. The Trustee is being listed as a nominal defendant for notice and discovery purposes only. The Trustee's primary place of business is 30 Two Bridges Road, Suite 330, Fairfield, New Jersey 07004.

11. The Official Form 9E ALT set the deadline to file a complaint objecting to discharge of debtor and determining the dischargeability of his debt as August 06, 2012. This Adversary Proceeding Complaint is therefore timely filed.

12. SLM may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Adversary Proceeding Complaint to P.O. Box 9500, Wilkes-Barre, PA 18773.

## NATURE OF ADVERSARY PROCEEDING COMPLAINT

13. This action is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001, to establish the dischargeability of a debt owed to SLM under the Bankruptcy Code, in particular 11 U.S.C. § 523(a)(8)(B). Specifically, Debtor seeks a declaration that certain uncertified private student loans obtained in or about June 2005, October 2006 and July 2007, respectively, be declared dischargeable.

14. This adversary proceeding further seeks the to establish the dischargeability of a debt owed to SLM, which was established for private student loans, pursuant to the 2005 predecessor of 11 U.S.C. § 523(a)(8). Plaintiff also seeks relief under certain state court theories of fraud, and the Federal Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq. ("TILA")*.

15. Upon information and belief, SLM was engaged in the business of soliciting, making and servicing uncertified private student loans.

16. On or about June 1, 2005, Plaintiff and SLM entered into a contract by which the Plaintiff obtained an uncertified private student loan in the original amount of $43,956.04 *("SML 1")* to attend Essex County College (*hereinafter*, "ECC").

17. On or about October 1, 2006, Plaintiff and SLM entered into a contract by which the Plaintiff obtained an uncertified private student loan in the original amount of $15,975.00 *("SML 2")* to attend ECC.

18. On or about July 1, 2007, Plaintiff and SLM entered into a contract by which the Plaintiff obtained an uncertified private student loan in the original amount of $10,850.00 *("SML 3")* to attend ECC.

19. In order to induce the Plaintiff to borrow funds, SML made numerous material misrepresentations and omissions, committed fraudulent acts, and failed to certify the loan. These acts, omissions and fraud resulted, *inter alia*, loaning to Plaintiff of a grossly excessive amount of money for attendance at ECC.

20. The foregoing conduct, namely failure to certify the loan, renders the uncertified private student loans dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B).

21. The foregoing conduct further constitutes willful and malicious injury to Plaintiff.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

**A.     History of Issuance of the SML Loans**

22. In 2005, and at all times relevant to this complaint, Plaintiff was attending ECC at full-time status. Full-time status at ECC consisted of at least 12 credit hours per semester.

23. Plaintiff was attending ECC as in-county resident.

24. In or about September 2005, Plaintiff obtained SML 1.

25. In or about November 2006, Plaintiff obtained SML 2.

26. In or about July 2008, Plaintiff obtained SML 3. *(Hereinafter collectively referred to as the "SML Loans.")*

27. At no time relevant to this action was the Plaintiff required by SML to complete a Fee Application for Federal Student Aid *("FASFA").*

28. At no time did SML make the Plaintiff aware of the FASFA.

29. The Plaintiff did not complete the FASFA in connection with obtaining the SML Loans.

30. The cost of attendance, *(hereinafter "COA")* for an in-county student completing 12 credit hours for the 2010-2011 school year is currently $1,692.00 per semester or $3,384.00 per academic year.

31. Upon information and belief, the COA for attendance at ECC was less than $3,384.00 when the SML Loans were issued to the Plaintiff.

32. Upon information and belief, SML did not confirm the COA with ECC prior to the approval of SML Loans.

33. The Federal Government neither advanced funds for the SML Loans nor guaranteed the repayment of the SML Loans to the SML Defendants.

34. SML was a private student loan lender.

35. The SML Loans were all disbursed directly to the Plaintiff and not to ECC.

36. The funds for the SML Loans were directly deposited into the Plaintiff's personal checking account.

37. Upon information and belief, at no time relevant to this proceeding did SML contact ECC in any way to verify or confirm the Plaintiff's attendance at ECC.

38. The SML Loan amounts were *not* certified or verified by ECC.

39. SML failed to conduct even minimal due diligence before approving the SML Loans.

40. Plaintiff was not required and/or offered any class, information session, tutorial or seminar on financing tuition prior to obtaining the SML Loans.

41. The SML loans were credit based loans.

42. The interest rate of the SML Loans exceeded that of Federal Loans and was more akin to the interest rates on revolving credit such as credit cards.

43. No security interest was taken in either real property or personal property by SML.

44. Two of the three SML loans did not exceed $25,000.

45. All three loans are "Tuition Answer" loans.

## B. Fraudulent Misrepresentations and Material Omissions

46. SML negligently and/or intentionally made material misrepresentations and/or omissions to Plaintiff so as to deceive and prevent him from discovering and/or learning about, and comparing terms of the SML Loans to alternate ways of financing college expenses, such as but not limited to, obtaining federal student loans.

47. SML directly solicited the Plaintiff, via mail, for purposes of making private student loans to the Plaintiff.

48. Following issuance of SML 1, each year on or about the anniversary of execution of the loan, the SML again solicited the Plaintiff to take out another private student loan for the then upcoming academic year.

49. SML negligently and/or intentionally made material misrepresentations and/or omissions to Plaintiff so as to induce the Plaintiff into entering into high interest uncertified private student loans.

50. SML failed to advise the Plaintiff that unlike Federal Student Loans—the traditional student loans—interest on the SML Loans accrued from the moment the monies were distributed to the Plaintiff even though the loans were in deferment.

51. SML failed to advise the Plaintiff that the loan interest was credit based and substantially higher than Federal Loans.

52. SML engaged in a fraudulent course of conduct intended to induce the Plaintiff into entering into one or more private loans, which grossly exceeded the COA of ECC.

53. Plaintiff relied upon the SML Defendants' solicitations misrepresentations, and/or omissions and was unaware of the true cost of the loans.

54. As a result of the SML's actions, misrepresentations and/or omissions Plaintiff owes grossly more than was loaned.

55. As a result of the SML's actions, misrepresentations and/or omissions Plaintiff owes grossly more than needed for the COA of ECC.

## **FIRST COUNT**
### (Dischargeability of Uncertified Private Student Loans Which Pre-Date BAPCPA)

56. Plaintiff repeats reiterates and realleges each and every allegation set forth in the foregoing paragraphs 1 through 55, with the same force and effect as though set forth verbatim herein.

57. SML 1 loan was approved and distributed to the Plaintiff in or about September 2005, prior to the sweeping changes made in 11 U.S.C. 101, *et seq. (hereinafter the "Bankruptcy Code.")*

58. In September 2005, 11 U.S.C § 523 (a)(8) provided:

> "for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependants[.]

11 U.S.C. § 523 (a)(8) (2005).

59. SML 1 loan was not made, insured or guaranteed by a governmental unit, nor was it made under any program funded in whole or in part by a governmental unit or nonprofit institution, nor was it for an obligation to repay funds received as an educational benefit, scholarship or stipend.

60. SML 1 loan does not meet the requirements for nondischargeability pursuant to the pre BAPCPA 11 U.S.C. § 523(a)(8).

**WHEREFORE**, Mr. Esposito seeks a judgment as follows:

    a. Declaring the SML 1 Loan dischargeable;

    b. Awarding actual damages;

    c. Awarding statutory damages;

    d. Awarding attorneys fees and costs; and

    e. Granting such other relief as the court deems just and equitable.

### SECOND COUNT
### (Dischargeability of Uncertified Private Student Loan pursuant to Section 523(a)(8)(B))

61. Plaintiff repeats reiterates and realleges each and every allegation set forth in the foregoing paragraphs 1 through 61, with the same force and effect as though set forth verbatim herein.

62. The dischargeability of the private student SML Loans is governed by current 11 U.S.C. (a)(8)(B).

> 11 U.S.C. 523 (a)(8)(B), as enacted at time of the filing of the within adversary complaint provides in relevant part:
>
> any other [then Federal] educational loan that is a *qualified education* loan, as defined in *section 221(d)(1) of the Internal Revenue Code of 1986,* incurred by a debtor who is an individual[.]

26 U.S.C. 221(d)(1) (the "Internal Revenue Code" or "IRS Code". *Emphasis Added.*

63. The IRS Code, Section 221(d)(1), further provides that:

> (d) **Definitions**. For purposes of this section---

> (1) Qualified education loan. The term "qualified education loan" means any indebtedness incurred by the taxpayer *solely to pay qualified higher education expenses*—
>
>> (A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependant of the taxpayer as of the time the indebtedness was incurred,
>>
>> (B) which ware paid or incurred within a reasonable period of time before or after the indebtedness in incurred, and
>>
>> (C) *which are attributable to education furnished during a period during which the recipient was an eligible student.*
>
> Such term includes indebtedness used to refinance indebtedness which qualifies as a qualified education loan. The term "qualified education loan" shall not include any indebtedness owed to a person who is related (with in the meaning of section 267(b) or 707 (b)(1)) to the taxpayer or to any person by reason of a loan under any qualified employer plan (as defined in section 72 (p)(4)) or under any contract referred to in section 72 (b)(5).
>
> 26 U.S.C § 221(d)(1), *(Emphasis added.)*

64. The amount of funds loaned by SML provided funds to the Plaintiff in gross excess of the COA of ECC.

65. SML failed to certify the COA of ECC.

66. SML failed to certify and/or confirm the Plaintiff's attendance at ECC.

67. SML 1, SML 2 and SML 3 loans do not meet the requirements for nondischargeability pursuant 11 U.S.C. § 523(a)(8)(B).

68. As a direct and proximate result of the foregoing acts and omissions perpetrated by SML upon Plaintiff, Plaintiff has been damaged in an amount not less than $115,025.00, plus accrued interest, costs and fees, including those to file his petition for relief, this complaint and related fees arising out of SML's fraudulent conduct.

**WHEREFORE**, Mr. Esposito seeks a judgment as follows:

   a. Declaring the SML 1, SML 2 and SML 3 Loans dischargeable;

   b. Awarding actual damages;

c. Awarding statutory damages;

d. Awarding attorneys fees and costs; and

e. Granting such other relief as the court deems just and equitable.

## THIRD COUNT
### (Violations of the Truth in Lending Act)

69. Plaintiff repeats reiterates and realleges each and every allegation set forth in the foregoing paragraphs 1 through 69, with the same force and effect as though set forth verbatim herein.

70. The SML 1 and SML 2 transactions between the Plaintiff and SML were consumer transactions that involved a credit transaction, other than those in which a security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer, in which the total amount financed exceeds $25,000.

71. At all times relevant the Plaintiff was a creditor under the Federal Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq. ("TILA")* accordingly SML was required to provide certain notices of rights to deliver material disclosures including, but not limited to, the actual or net amount of funds to be received by the Plaintiff, a statement of the Plaintiff's right to obtain a written itemization of the amount financed, the identity of the creditor required to make certain disclosures, descriptive explanations of certain terms, any dollar charge or percentage amount which may be imposed by a creditor solely on account of a late payment, a statement that the consumer should refer to the appropriate contract document for any information such document provides about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment rebates and penalties.

72. SML failed to comply with applicable mandatory disclosure provisions of TILA. Specifically, the SML failed to provide the Plaintiff with proper and accurate written notices and material disclosures as required by TILA.

73. As a direct and proximate result of the foregoing acts and omissions perpetrated by the SML upon Plaintiff, Plaintiff has been damaged in an amount not less than $115,025.00 plus accrued interest, costs and fees, including those to file his petition for relief, this complaint and related fees arising out of the SML's fraudulent conduct.

**WHEREFORE**, Mr. Esposito seeks a judgment as follows:

    a. Declaratory and injunctive relief rescinding the loan agreements;

    b. Declaring SML 1 and SML 2 Loans dischargeable;

    c. Awarding actual damages;

    d. Awarding statutory damages;

    e. Awarding attorneys fees and costs; and

    f. Granting such other relief as the court deems just and equitable.

## FOURTH COUNT
### (Fraud in the Inducement)

74. Plaintiff repeats reiterates and realleges each and every allegation set forth in the foregoing paragraphs 1 through 73, with the same force and effect as though set forth verbatim herein.

75. SML, and/or their agents made material representations and/or omissions to Plaintiff including, without limitation, the true cost of the SML Loans, as well as the Plaintiff's options in obtaining Federal Student Loans, scholarships and/or grants.

76. At the time SML made these material representations, they knew they were misleading and/or made them with the intention to steer the Plaintiff toward private student loans.

77. At the time SML made these material representations, and/or omissions they were aware that Plaintiff was an undergraduate student at a County College and knew or should have known that he was unsophisticated in lending.

78. SML made these material representations and/or omissions to Plaintiff with the intention that he rely upon them to his detriment, with actual malice and/or wanton and willful disregard of the harm to be visited upon Plaintiff by reliance thereon.

79. Plaintiff, in reasonably relying upon SML's material misrepresentations and other misrepresentations and/or material omissions, entered into the loan and consummated the loan by accepting funds.

80. As a direct and proximate result of the foregoing acts and/or omissions perpetrated by SML upon Plaintiff, Plaintiff was fraudulently induced to enter into the SML Loans with SML.

81. As a direct and proximate result of the foregoing acts and omissions perpetrated by SML upon Plaintiff, Plaintiff has been damaged in an amount not less than $115,025.00 plus accrued interest, costs and fees, including those to file his petition for relief, this complaint and related fees arising out of SML's fraudulent conduct.

**WHEREFORE**, Mr. Esposito seeks a judgment as follows:

a. Declaratory and injunctive relief rescinding the loan agreement;
b. Declaring the SML Loans dischargeable;
c. Awarding actual damages;
d. Awarding statutory damages;
e. Awarding attorneys fees and costs; and
f. Granting such other relief as the court deems just and equitable.

## JURY DEMAND

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 38(b), demand is hereby made for trial by jury as to all issues herein so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I HEREBY CERTIFY that the within matter in controversy is not the subject of any other action pending in any other court, arbitration or administrative proceeding.

Dated: Cedar Grove, New Jersey
August 6, 2012

By:    /s/ *Dawn R. SanFilippo*_____
      Dawn R. SanFilippo
      *Attorney for Adversary Proc. Plaintiff, John B. Esposito*